

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH A. DANIELS,

    Plaintiff,

v.                         Civil Action No. 3:14CV856

PAUL E. CALDWELL,

    Defendant.

### MEMORANDUM OPINION

Joseph A. Daniels, a Virginia prisoner proceeding pro se and in forma pauperis, filed this action entitled "MOTION FOR JUDGMENT" wherein he seeks "relief from judgment entered on April 10, 2014, Case No. 3:11-cv-461-REP, where such judgment granting defendant summary judgment is void." (Mot. 1, ECF No. 1.) Daniels believes "[t]he judgment is void in that the plaintiff was denied his Due Process Right to have the disputed material facts decided by a jury . . . ." (Id.)

As background, by Memorandum Opinion and Order entered on December 18, 2013, the Court granted Defendant Paul E. Caldwell's Motion for Summary Judgment and dismissed the action as factually frivolous. See Daniels v. Caldwell, No. 3:11CV461, 2013 WL 6713129, at *4 (E.D. Va. Dec. 18, 2013).[1] Subsequently,

---

[1] The Court explained that:

    Daniels's claim of deliberate indifference is predicated upon the allegation that Dr. Caldwell unnecessarily removed Daniel's deltoid muscle and failed to provide Daniels with physical therapy following Daniel's surgery. . . . Such a claim is

on April 10, 2014, the Court denied Daniels's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). (ECF No. 81.)   The United States Court of Appeals for the Fourth Circuit affirmed.   Daniels v. Caldwell, 569 F. App'x 159 (4th Cir. 2014).   The United States Supreme Court denied Daniels's petition for a writ of certiorari.   Daniels v. Caldwell, 135 S. Ct. 200 (2014).   Having reached the end of the appeals process without the result he desired, Daniels filed the instant "INDEPENDENT ACTION" seeking relief from the judgment."   (Mot. 1.)

As a preliminary matter, Daniels identifies that the "judgment" he challenges is the Court's denial of his Motion for Reconsideration on April 10, 2014.   To the contrary, Daniels appears to challenge the Court's grant of summary judgment to Caldwell December 18, 2013.   Daniels argues that the Court granted summary judgment in error because "a material factual dispute existed as to whether Daniels[']s shoulder muscle was

---

> factually frivolous.   The evidence reflects that Dr. Caldwell did not remove Daniel's deltoid muscle and provided Daniels with physical therapy following his surgery.   Indeed, Daniels bears sole responsibility for the termination of his physical therapy.   Because the evidence reflects that Dr. Caldwell provided reasonable medical care, rather than acting with deliberate indifference, the Motion for Summary Judgment will be granted.   Daniels's claim will be dismissed.

Daniels, 2013 WL 6713129, at *3.

removed." (Mot. 2.) Daniels contends that the judgment is "VOID" because the Court improperly granted summary judgment for Caldwell "because Daniels did not respond to the defendant's Roseboro notice." (Id. at 6 (emphasis added)). Daniels fails to identify a procedural vehicle that authorizes him to challenge a judgment in another case by an independent civil action.

Generously construing Daniels's submission, it appears that he may intend to bring an action pursuant to Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)") and 60(d). Under Rule 60(b)(4) "the court may relieve a party . . . from final judgment, order, or proceeding" if "the judgment is void." Fed. R. Civ. Pr. 60(b)(4). Federal Rule of Civil Procedure 60(d) explains that "[Rule 60] does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, proceeding." Fed. R. Civ. P. 60(d)(1). Rule 60(d)(1) relief "is available only if required to prevent a grave miscarriage of justice." Matthews, Wilson & Matthews, Inc. v. Cap'l City Bank, 614 F. App'x 969, 972 (11th Cir. 2015) (internal quotation marks omitted) (citations omitted). Assuming without deciding that Daniels may bring an independent civil action alleging that a judgment is void pursuant to Rule 60(b)(4), he fails to demonstrate that he is entitled to relief under that rule.

A judgment is "void" for the purposes of Rule 60(b) "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005) (citing Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999)). Courts "narrowly construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to the finality of judgments . . . ." Id. (citation omitted). Daniels fails to provide any persuasive argument suggesting that the Court lacked jurisdiction or acted in a manner inconsistent with due process. At most, Daniels states that the "judgment is void in that the plaintiff was denied his Due Process Right to have to disputed material facts decided by a jury . . . ." (Mot. 1.) Contrary to Daniels's suggestion, no material dispute of fact existed. Daniels failed to respond to the Motion for Summary Judgment despite being provided with appropriate Roseboro notice. See Daniels, 2013 WL 6713129, at *1. In the instant Motion, Daniels states that he "chose to rest upon his previously filed sworn complaint." (Mot. 2.) A review of the record in that action demonstrates that Daniels did not swear to his complaint under penalty of perjury, thus, the complaint failed to constitute admissible evidence.[2]

---

[2] Daniels only swore to his application to proceed in forma pauperis under penalty of perjury. In Forma Pauperis Affidavit

4

The Court discerns no due process violation in the grant of summary judgment for Caldwell. Eberhardt, 167 F.3d at 871 (citation omitted) (explaining no due process violation occurs when litigant "had ample opportunity" to litigate the action); Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994) (rejecting Rule 60(b)(4) due process arguments where "fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied"). Thus, Daniels fails to demonstrate that the Court's denial of his § 2255 motion was "void" within the meaning of Rule 60(b)(4). Daniels's Motion for Judgment (ECF No. 1) will be denied. The action will be dismissed as legally and factually frivolous. See 28 U.S.C. 1915(e)(2).

The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Daniels.

It is so ORDERED.

_____ /s/ *REP*

Robert E. Payne
Senior United States District Judge

Date: *November 16, 2015*
Richmond, Virginia

---

at 1, Daniels, No. 3:11cv461 (E.D. Va. filed July 20, 2011) (ECF No. 1, at 6.)